UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAGATH ASHIRWAD, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, LLC, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.:  21-cv-2101-AJB-DDL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL RE REQUEST FOR PRODUCTION NO. 40**<br><br>[Dkt. No. 60] |

On February 10, 2023, the Court held a discovery hearing on Plaintiffs' Motion to Compel Defendants to produce documents as to Plaintiffs Jagath Ashirwad, Eric Lopez, and Jeremiah Marchesano. Dkt. No. 60. Annette C. Clark and Ryan J. Carlson appeared for Plaintiffs. Samson C. Huang appeared for Defendants. The Court issued a written Order following the hearing and thereafter requested supplemental briefing regarding Plaintiffs' Request For Production ("RFP") No. 40. Dkt. Nos. 64, 66, 71. Having considered the supplemental briefing, the Court GRANTS IN PART Plaintiffs' motion to compel as to RFP No. 40.

RFP No. 40 seeks "Any and all WORK ORDERS for sales completed by any of the PLAINTIFFS during the RELEVANT TIME PERIOD." Plaintiffs contend the work

1

orders – which contain information regarding specific sales and installations – are relevant to their fourth cause of action alleging a violation of California Labor Code § 204. That cause of action alleges that Defendants failed to pay Plaintiffs all wages owed to them, including incentive-based wages, overtime and premium wages, wages for missed meal and rest breaks and wages for "PTO hours." Dkt. No. 1-2 at 22.

Defendants point out that Labor Code § 204 "does not provide a private right of action." *Rivera v. Ryder Integrated Logistics, Inc.*, No. CV 22-267-GW-EX, 2022 WL 18337695, at *14 (C.D. Cal. Dec. 27, 2022). Rather, the statute "simply regulates the timing of wage payments and does not provide for the payment of any particular type of wages or create any substantive right to wages." *Frausto v. Bank of Am., Nat'l Ass'n*, No. 18-cv-01983-LB, 2018 WL 3659251, at *10 (N.D. Cal. Aug. 2, 2018). "[A] violation of section 204 cannot be premised solely on the claim that an employer underpaid wages." *Carter v. Jai-Put Enter. Inc.*, No. 18-cv-06313-DMR, 2020 WL 3545094, at *10 (N.D. Cal. June 30, 2020). Defendants explain that they have provided Plaintiffs with documents pertaining to the sales for which Plaintiffs received commissions. In addition, work orders are maintained in a "non-searchable format" within a "customer-oriented billing system organized primarily based on customer account numbers . . . ." Dkt. No. 71 at 4. Defendants would have to manually review all the work orders for MDU Reps over the relevant time period to find work orders pertaining to the individual Plaintiffs. *Id.*

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). The party seeking discovery must "inform the court why the information sought is relevant and why the opposing party's objections are not justified." *Heilman v. Cook*, No. 14-CV-01412-JLS-AGS, 2017 WL 491737, at *1 (S.D. Cal. Feb. 6, 2017) (citation omitted). Stated otherwise, "[t]he party seeking to compel discovery has the burden of establishing that its request satisfies the relevance requirement of Rule 26." *FlowRider Surf, Ltd. v. Pacific Surf Designs, Inc.*, No. 15-cv-1879-BEN-BLM, 2016 WL 6522807, at *2 (S.D. Cal. Nov. 3, 2016).

The Court concludes that Plaintiffs have not established how the work orders are relevant to a claim or defense given that Labor Code § 204 does not provide a private right of action and § 204 regulates only the timing of wage payments, not the underpayment of wages alleged by Plaintiffs.  Moreover, even assuming the Plaintiffs could establish the relevance of the work orders to their other claims, discovery of the work orders is not proportional to the needs of the case given the burden that would be placed on Defendants by requiring them to manually review and locate individual work orders pertaining to Plaintiffs.

Defendants acknowledge that "[l]imited, non-archived information is available from approximately early 2021, which Charter is willing to produce." Dkt. No. 71 at 4.  Given this concession, the Court GRANTS Plaintiffs' motion to compel with respect to the "non-archived information" referenced by Defendants and DENIES the motion as to any additional work orders.

**IT IS SO ORDERED.**

Dated:  March 1, 2023

_____
Honorable David D. Leshner
United States Magistrate Judge