UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERAIDOON ATHARI, an individual; JAMES HOGAN, an individual; an individual; OSCAR MARTINEZ, an individual; EDWARD MOORE, an individual; and DAVID SHERVEY, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, LLC, a Delaware Limited Liability Company; CHARTER COMMUNICATIONS, INC., a Delaware Corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: 21-cv-02101-AJB-DDL<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOP JUDGMENT ON THE PLEADINGS AND DISMISSING PLAINTIFFS' UCL CLAIM**<br><br>**(Doc. No. 31)** |

Before the Court is Defendants Charter Communications, LLC and Charter Communications, Inc.'s (collectively, "Charter" or "Defendants") motion for judgment on the pleadings as to Plaintiffs Feraidoon Athari, James Hogan, Oscar Martinez, Edward

1

21-cv-02101-AJB-DDL

Moore, and David Shervey's (collectively, "Plaintiffs")[1] eighth cause of action for violation of California's Unfair Competition Law ("UCL"). (Doc. No. 31.) The motion is fully briefed, and the Court finds the matter suitable for determination without oral argument. *See* S.D. Cal. Civ. L. R. 7.1.d.1. For the following reasons, the Court **GRANTS** Defendants' motion. (Doc. No. 31.)

## I.   BACKGROUND

Charter is a telecommunications company that employed Plaintiffs as sales representatives in California. (Doc. No. 1-3 at 5–6.) Plaintiffs filed a wage and hour Complaint against Charter in San Diego County Superior Court. (*Id.* at 5.) Charter thereafter removed the case to federal court. (Doc. No. 1.) Plaintiffs' Complaint raises eleven causes of action under California law: (1) failure to pay overtime wages, (2) failure to provide rest periods, (3) failure to provide meal periods, (4) failure to make semi-monthly payments, (5) failure to provide accurate itemized wage statements, (6) failure to pay accrued vacation time, (7) waiting time penalties, (8) unfair business practices in violation of the UCL, (9) theft of labor, (10) unjust enrichment, and (11) declaratory relief. (Doc. No. 1-3 at 5.)

Defendants filed a motion for judgment on the pleadings, arguing they are entitled to judgment on the eighth cause of action because Plaintiffs have failed to state a claim under the UCL. This Order follows.

## II.   LEGAL STANDARD

"After the pleadings are closed—early enough not to delay trial—a party may move for judgment on the pleadings." Fed. Civ. Pro. R. 12(c).[2] "A district court will render a

---

[1] On March 20, 2023, the Court granted Defendants' motion to compel arbitration as to Plaintiffs Jagath Ashirwad, Eric Lopez, and Jeremiah Marchesano. (Doc. No. 80.) The Court thus stayed the action as to those plaintiffs and ordered the parties to provide a joint status report of the arbitration progress every 90 days from the date of the Order. (*Id.*)

[2] All internal quotations, citations, and alterations in citations are omitted unless otherwise indicated.

2

21-cv-02101-AJB-DDL

'judgment on the pleadings when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law.'" *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co. Ltd.*, 132 F.3d 526, 529 (9th Cir. 1997) (quoting *George v. Pacific – CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996)). "In considering a motion for judgment on the pleadings, a court must accept as true all material allegations in the complaint and must construe those allegations in the light most favorable to the plaintiff." *United States v. In re Seizure of One Blue Nissan Skyline Auto., & One Red Nissan Skyline*, 683 F. Supp. 2d 1087, 1089 (C.D. Cal. 2010) (citing *Pillsbury, Madison & Sutro v. Lerner*, 31 F.3d 924, 928 (9th Cir. 1994)). Judgment on the pleadings is appropriate when, accepting as true all material allegations in the nonmoving party's pleadings, the moving party is entitled to judgment as a matter of law. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

### III.  DISCUSSION

Here, Plaintiffs' eighth cause of action alleges that Defendants violated the UCL. (Doc. No. 1-3 at 27–28.) Their UCL allegations are derivative of their Labor Code claims. Specifically, Plaintiffs assert that Defendants' "failing to pay regular and overtime wages; refusing to make available to Plaintiffs statutorily required meal and rest periods; failing to timely pay all commission wages earned each pay period, and, failing to timely compensate Plaintiffs with all other wages (regular, incentive based, accrued and vested vacation, premium wages, etc.) earned" all amount to unfair and/or unlawful business practices, in violation of the UCL. (*Id.* at 27–28.) Plaintiffs seek equitable remedies in the form of restitution of their unpaid wages and injunctive relief for their UCL claim. (*Id.* at 28.)

Defendants argue that Plaintiffs' UCL claim must be dismissed because Plaintiffs do not allege their legal remedies are inadequate. (Doc. No. 31 at 4.) Defendants further contend that the pleading deficiency cannot be cured because their UCL claim is based entirely on the wage and hour allegations they raise in support of their Labor Code claims, for which there is an adequate legal remedy. (*Id.*) The Court agrees.

### A. Plaintiffs Have Not Shown There Is No Adequate Legal Remedy

"[T]he UCL provides only for equitable remedies. Prevailing plaintiffs are generally limited to injunctive relief and restitution." *Hodge v. Superior Ct.*, 145 Cal. App. 4th 278, 284, (2006); *accord Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2013) ("Through the UCL a plaintiff may obtain restitution and/or injunctive relief against unfair or unlawful practices.").[3] In *Sonner v. Premier Nutrition Corp.*, the Ninth Circuit held that "federal courts must apply equitable principles derived from federal common law to claims for equitable restitution under California's Unfair Competition Law." 971 F.3d 834, 837 (9th Cir. 2020). Consequently, "to entertain a request for equitable relief, a district court must have equitable jurisdiction, which can only exist under federal common law if the plaintiff has no adequate legal remedy." *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313 (9th Cir. 2022), *cert. denied sub nom. Polaris Indus. Inc. v. Albright*, No. 22-987, 2023 WL 3937623 (U.S. June 12, 2023).

Here, Plaintiffs' Complaint contains no allegation that their legal remedies are inadequate. Applying *Sonner*, the Court finds this pleading deficiency subjects the claim to dismissal. *See* 971 F.3d at 844 (finding the plaintiff failed to make a showing of inadequate legal remedy where "the operative complaint does not allege that [the plaintiff] lacks an adequate legal remedy."). This and other district courts have found the same in other cases. *See Shay v. Apple In*c., No. 20-cv-1629-GPC (BLM), 2021 WL 1733385, at *4 (S.D. Cal. May 3, 2021) ("[T]he Ninth Circuit pointed out that the operative complaint did not allege that the plaintiff lacked an adequate legal remedy. This suggests that a plaintiff must plead inadequate legal remedies in the operative pleading to allege claims for equitable relief under the UCL and CLRA.") (citation omitted); *Johnson v. Trumpet Behavioral Health, LLC*, No. 3:21-cv-03221-WHO, 2022 WL 74163, at *3 (N.D. Cal. Jan.

---

[3] To the extent Plaintiffs also seek nonrestitutionary disgorgement of profits, that relief is not available under the UCL. *Korea Supply*, 29 Cal. 4th at 1152 ("We hold that nonrestitutionary disgorgement of profits is not an available remedy in an individual action under the UCL.").

7, 2022) (holding that "one aspect of *Sonner*'s reasoning *is* purely about pleading requirements and does not turn on its more developed posture"); *Lisner v. Sparc Group LLC*, No. 2:21-CV-05713-AB (GJSx), 2021 WL 6284158, at *8 (C.D. Cal. Dec. 29, 2021) (collecting cases holding "that *Sonner*'s reasoning applies at the pleading stage"). Moreover, although injunctive relief was not at issue in *Sonner*, courts have concluded, and Plaintiffs does not dispute, "that the 'adequate remedy at law' requirement applies to equitable relief, which includes injunctive relief claims." *Shay*, 2021 WL 1733385, at *3 (collecting cases).

Plaintiffs concede their Complaint does not expressly state a lack of adequate remedies at law but argue that various paragraphs in their Complaint demonstrate the inadequacy of legal remedies available to Plaintiffs. The paragraphs referenced, however, merely describe Defendants' alleged wage and hour violations and their contention that the conduct amounts to unlawful and/or unfair business practices. The allegations simply demonstrate that Plaintiffs' UCL claim is derivative of the Labor Code claims. Nowhere in the Complaint do Plaintiffs explain how or why these allegations show that Plaintiffs have inadequate legal remedies. And the Court declines Plaintiffs' invitation to assume they have proven facts they have not alleged. *See Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) ("It is not [] proper to assume that the [plaintiff] can prove facts that it has not alleged.").

There being no allegations in the Complaint to establish that Plaintiffs lack an adequate remedy at law, the Court finds it lacks equitable jurisdiction over their UCL claim, and thus, must dismiss the claim. Accordingly, Plaintiff's eight cause of action under the UCL is **DISMISSED**. The Court next considers whether granting Plaintiffs leave to amend the Complaint would be futile.

### B. Amendment Would Be Futile

"Although, under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be 'freely given,' that liberality does not apply when amendment would be futile." *Ebner*

*v. Fresh, Inc.*, 838 F.3d 958, 968 (9th Cir. 2016). Here, Plaintiffs argue they can cure the deficiency in their Complaint for the following reasonings. None are availing.

First, Plaintiffs contend they can allege inadequate legal remedies because the Labor Code's statute of limitations is one year shorter than that of the UCL. The Ninth Circuit, however, considered this very argument in *Guzman*, and rejected it. *See* 49 F.4th at 1313 n.2. Specifically, the court acknowledged that the UCL had a longer statute of limitations than the comparator statute at issue in that case and declined to find the difference makes the legal remedy inadequate so as to require the district court to exercise its equitable jurisdiction. *Id.* at 1311, 1313 n. 2, 3. Applying *Guzman*, as it must, the Court similarly rejects Plaintiffs' argument that a shorter statute of limitations period makes the legal remedy under the Labor Code inadequate such that Plaintiffs could bring their equitable UCL claim in federal court.[4] Consequently, the Court finds it futile to amend the Complaint to this effect.

Second, Plaintiffs assert they could additionally allege that the limited penalties available under Labor Code § 210 is an inadequate legal remedy for Defendants' alleged violation of § 204, which requires employers to pay wages within specified times. Section 210 penalties, however, are recoverable only by the Labor Commissioner, not private citizens. In any event, the Court is unpersuaded that the remedies under § 210 are inadequate to make Plaintiffs' whole for Defendants' alleged failure to timely compensate them for wages owed for overtime and missed meal and rest breaks. (Doc. No. 33 at 10–11.) The Complaint contains several causes of actions under the Labor Code for the recovery of overtime wages and premiums for missed meal and rest breaks allegedly owed to them. Plaintiffs offer no explanation as to why the Labor Code damages would not make them whole. Because adding allegations concerning § 210 do not establish that Plaintiffs lack an adequate remedy, the Court finds it futile to amend the Complaint to this effect.

---

[4] The Court recognizes it has concluded a different way in a different case. That case, however, was decided prior to *Guzman*. Because *Guzman* is binding here, the Court follows its holding and reasoning.

Third, Plaintiffs contend they can plead violations of Penal Code § 484 for theft of labor and § 487m for theft of wages as predicate statutes for their UCL claim. They argue that such allegations will show a lack of adequate legal remedy because there is no remedy available under § 484 and the statute of limitations under § 487m is shorter than that of the UCL. As to the latter argument, the Court rejects it on the same basis it rejected Plaintiffs' contention that the Labor Code's shorter limitations period rendered it an inadequate legal remedy. As to the former, the Court notes that Plaintiffs' theft of labor allegations are based on the same allegations giving rise to their Labor Code claims for failure to pay appropriate wages. Again, Plaintiffs do not explain how their recovery under the Labor Code provides inadequate legal remedies here. Because adding allegations relating to Penal Code §§ 484 and 487m would not establish the lack of adequate legal remedies, the Court finds it futile to amend the Complaint to this effect.

The Court underscores that the allegations in the Complaint make clear that the causes of action stem from Defendants' alleged failure to pay wages owed to Plaintiffs. Plaintiffs' proposed amendments do not demonstrate that the legal remedies afforded under the Labor Code are inadequate to redress their injury. As Plaintiffs have not presented facts sufficient to cure the deficiency in the Complaint, the Court denies Plaintiffs' request for leave to amend the Complaint.

## IV. CONCLUSION

Accordingly, for the reasons stated herein, the Court **GRANTS** Defendants' motion for judgment on the pleadings as to Plaintiffs' eight cause of action and **DISMISSES** Plaintiff's UCL claim without prejudice for lack of equitable jurisdiction.[5]

**IT IS SO ORDERED**.

Dated: July 12, 2023

Hon. Anthony J. Battaglia
United States District Judge

---

[5] "[A] jurisdictional dismissal is necessarily without prejudice because the court does not reach the merits of the claims." *Guzman*, 49 F.4th at 1313.